# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| | Honorable Michael A. Shipp, U.S.D.J. |
| DISCOVERY GLOBAL CITIZENS MASTER FUND, LTD., et al., | Civil Action No. 16-7321(MAS)(LHG) |
| Plaintiffs, | |
| v. | **Electronically Filed** |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | **Oral Argument Requested** |
| | Return Date: September 5, 2017 |
| Defendants. | |
| MSD TORCHLIGHT PARTNERS, L.P., et al., | Civil Action No. 16-7324(MAS)(LHG) |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants. | |
| BLUEMOUNTAIN FOINAVEN MASTER FUND L.P., et al., | Civil Action No. 16-7328(MAS)(LHG) |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants. | |

| | |
|---|---|
| INCLINE GLOBAL MASTER LP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7494(MAS)(LHG) |
| VALIC COMPANY I, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7496(MAS)(LHG) |
| JANUS ASPEN SERIES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7497(MAS)(LHG) |

**BRIEF IN SUPPORT OF DEFENDANT HOWARD B. SCHILLER'S OMNIBUS PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

**OF COUNSEL**  
Robert Y. Sperling  
Joseph L. Motto  
WINSTON & STRAWN LLP  
35 West Wacker Drive  
Chicago, Illinois 60601  
(312) 558-5600  

Elizabeth P. Papez  
WINSTON & STRAWN LLP  
1700 K Street, N.W.  
Washington, D.C. 20006-3817  
(202) 282-5000  

WINSTON & STRAWN LLP  
The Legal Center  
One Riverfront Plaza, Suite 730  
Newark, New Jersey 07102  
973) 848-7645  
James S. Richter  
Melissa Steedle Bogad  

*Counsel for Defendant Howard B. Schiller*

# TABLE OF CONTENTS

**Page**

I. Introduction ................................................................................................................... 1

II. Count I Should Be Dismissed as to the *Discovery Global, BlueMountain*, *VALIC*, and *Janus* Complaints With Respect to Purchases Made After October 2015, Because Plaintiffs Cannot Plead or Establish Reliance as to Those Purchases .................. 2

III. Count III Should Be Dismissed Because Plaintiffs Have Not Adequately Pled a Violation of Section 18 ................................................................................................. 3

IV. Count IV Should Be Dismissed Because Plaintiffs' Negligent Misrepresentation Claim Is Preempted and Inadequately Pled ........................................................................ 4

V. Counts III and IV of the *BlueMountain*, *VALIC*, and *Janus* Complaints Should Be Dismissed as to Schiller to the Extent Those Claims Are Based on Valeant Quarterly Filings Made After Schiller Departed his Position as CFO ................................. 4

VI. Conclusion ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Stone & Webster, Inc., Sec. Litig.*,
  253 F. Supp. 2d 102 (D. Mass. 2003) ................................................................................4

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006) ................................................................................................3

*In re Valeant Pharmaceuticals International, Inc. Securities Litigation*,
  Memorandum Opinion, No. 15-7658 (MAS) (LHG) (D.N.J. April 28, 2017) ........................2

*Institutional Inv'rs Grp.* v. *Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009) ................................................................................................1

*Janus Capital Group, Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011) .............................................................................................................5

*Klawonn v. YA Glob. Investments, L.P.*,
  No. CV 10-2108 (KM), 2016 WL 5923435 (D.N.J. May 6, 2016) ........................................3

*LaSala v. Bordier et Cie*,
  519 F.3d 121 (3d Cir. 2008) ................................................................................................4

*Oaktree Capital Mgmt., L.P. v. KPMG*,
  963 F. Supp. 2d 1064 (D. Nev. 2013) ..................................................................................3

*Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*,
  Nos. 13–1586 (SRC), 14–4242(SRC), 2015 WL 502039 (D.N.J. Feb. 5, 2015) ................4

*Semerenko v. Cendant Corp.*,
  223 F.3d 165 (3d Cir. 2000) ................................................................................................3

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33
  F. Supp. 3d 401 (S.D.N.Y. 2014) ........................................................................................4

*Stichting Pensioenfonds ABP v. Merck & Co.*,
  No. CIV.A. 05-5060, 2012 WL 3235783 (D.N.J. Aug. 1, 2012) ..........................................4

*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) ................................................................................................1

*Witriol v. Conexant Sys., Inc.*,
  No. 04-6219 (SRC), 2006 WL 3511155 (D.N.J. Dec. 4, 2006) ...........................................3

**STATUTES**

15 U.S.C. § 78bb(f)(1)(A)..................................................................................................4

15 U.S.C. § 78bb(f)(5)(B)..................................................................................................4

15 U.S.C. § 78r(a)..............................................................................................................5

15 U.S.C. § 78r(c)..............................................................................................................3

15 U.S.C. § 78u–4(b)(1) ....................................................................................................1

15 U.S.C. § 78u–4(b)(2) ....................................................................................................1

**OTHER AUTHORITIES**

17 C.F.R. § 240.10b-5....................................................................................................1, 2

17 C.F.R. § 240.13a-13(d) .................................................................................................3

Defendant Howard B. Schiller respectfully submits this Brief in Support of his Partial Motion to Dismiss Plaintiffs' Complaints in the six above-referenced actions.

## I. Introduction

Count I of Plaintiffs' Complaints asserts against Schiller a claim for alleged violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. But Plaintiffs do not attribute any alleged false statements specifically to Schiller. They rely solely on representations or certifications embedded in Valeant's public filings that Schiller executed in his capacity as Valeant's CFO for part of the time period allegedly in issue, and do not plead any particularized facts showing that any of these statements was materially misleading when they were made. 15 U.S.C. § 78u–4(b)(1). Nor do Plaintiffs make any legitimate allegations that Schiller had any motive to defraud Valeant shareholders. They make generic assertions that Schiller, like all corporate managers, was motivated to increase the Company's share price, *Institutional Inv'rs Grp.* v. *Avaya, Inc.*, 564 F.3d 242, 278-79 (3d Cir. 2009), but do not assert particularized facts sufficient to plead the legally required strong inference of scienter as to Schiller, 15 U.S.C. § 78u–4(b)(2), as distinct from other individuals or Valeant as an undifferentiated whole. *See Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3d Cir. 2007) (prohibiting "group pleading" and requiring particularized allegations of fraud as to each individual defendant). Three of the Complaints—*BlueMountain*, *VALIC*, and *Janus*—attempt to overcome these pleading defects by citing a Valeant statement in March 2016 that Schiller engaged in unspecified "improper conduct" relating to premature recognition of an inconsequential amount of revenue in the second half of 2014. *See BlueMountain* Compl., Dkt. Entry No. 1, ¶ 236; *VALIC* Compl., Dkt. Entry No. 1, ¶ 236; *Janus* Am. Compl., Dkt. Entry No. 31, ¶ 253. But this statement does not come close to satisfying Plaintiffs' burden of pleading facts sufficient to support a strong inference of scienter. It does not state—nor do Plaintiffs claim Valeant has ever stated—that Schiller engaged in any fraudulent or reckless behavior. In any event, the allegedly mistaken accounting reveals nothing

about Schiller's supposed scienter with respect to Valeant's alleged concealment of unsustainable price increases or relationship with Philidor.

Notwithstanding the foregoing and other pleading defects, the allegations underpinning Plaintiffs' Section 10)(b)/Rule 10b-5 claims in the Complaints at issue in these actions largely concern the same alleged circumstances and broadly allege the same supposed fraud as in the related, putative class action matter in which this Court declined to dismiss a Section 10(b)/Rule 10b-5 and related Section 20(a) "control person" claim against Schiller.  *See In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Memorandum Opinion, No. 15-7658 (MAS) (LHG) (D.N.J. April 28, 2017).  Accordingly, without conceding—but rather expressly rejecting—that Plaintiffs have adequately pled against Schiller claims for alleged violations of Section 10(b)/Rule 10b-5 or Section 20(a), in order to avoid duplicative briefing and out of respect for the preservation of judicial resources, Schiller does not repeat in this brief arguments in support of dismissing Plaintiffs' Section 10(b)/Rule 10b-5 or Section 20(a) claims, except as stated herein and in Defendant Valeant Pharmaceuticals International, Inc.'s memorandum concerning the *Discovery Global*, *BlueMountain*, *VALIC*, and *Janus* Plaintiffs' failure adequately to plead reliance with respect to purchases of Valeant securities made after October 2015.

Schiller hereby joins Valeant's Partial Motion to Dismiss Plaintiffs' Complaints and supporting memorandum, and incorporates by reference the arguments and authority cited therein that support partial dismissal of the *Discovery Global*, *BlueMountain*, *VALIC*, and *Janus* Plaintiffs' Section 10(b)/Rule 10b-5 claims, and dismissal of Plaintiffs' claims for violations of Section 18 of the Exchange Act (Count III) and for negligent misrepresentation (Count IV).

**II.     Count I Should Be Dismissed as to the *Discovery Global, BlueMountain, VALIC*, and *Janus* Complaints With Respect to Purchases Made After October 2015, Because Plaintiffs Cannot Plead or Establish Reliance as to Those Purchases**

The *Discovery Global*, *BlueMountain*, *VALIC*, and *Janus* Plaintiffs' claims for violation of Section 10(b)/Rule 10b-5 should be dismissed to the extent they seek recovery for securities

purchases made after October 30, 2015.  Though Plaintiffs purport to rely upon the presumption of reliance provided by the "fraud-on-the-market" doctrine, *see, e.g.*, *Janus* Am. Compl., Dkt. Entry No. 31, ¶ 262, as explained in Valeant's brief, Plaintiffs cannot establish fraud-on-the-market reliance on Schiller's alleged misstatements or omissions after October 2015, because by that time, the allegedly concealed information had been revealed to the market through press reports and Valeant's disclosures to the market.  *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 181 (3d Cir. 2000).

### III.     Count III Should Be Dismissed Because Plaintiffs Have Not Adequately Pled a Violation of Section 18

Plaintiffs fail adequately to plead alleged violations of Section 18 of the Exchange Act, as asserted in Count III of the Complaints.  A Section 18 claim requires a plaintiff to plead that they purchased securities in "actual reliance" on the specific statements alleged to be misleading.  *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 283 (3d Cir. 2006).   Yet, the Complaints simply attach exhibits listing myriad purchase dates—some of which were *before* February 28, 2014, when Valeant made its first filing that is the subject of Plaintiffs' Section 18 claims—while claiming generally that those purchases were made in actual reliance upon the various alleged misstatements attributed to Schiller contained in Valeant's public filings.  *See, e.g.*, *Janus* Am. Compl., Dkt. Entry No. 31, ¶ 334.  That is inadequate to plead Section 18 reliance.  *See, e.g.*, *Witriol v. Conexant Sys., Inc.*, No. 04-6219 (SRC), 2006 WL 3511155, at *7 (D.N.J. Dec. 4, 2006).

Further, Section 18 contains a three-year statute of repose, 15 U.S.C. § 78r(c), which bars claims predicated on purchases made more than three years prior to the filing of the complaint— i.e., here, all of the alleged purchases listed in the exhibits to the *Incline Global*, *VALIC*, and *Janus* Complaints that were made on or prior to October 17, 2013, as such purchases were more than three years before those actions were filed on October 18, 2016.  *See Klawonn v. YA Glob. Invs., L.P.*, No. CV 10-2108 (KM), 2016 WL 5923435, at *7 (D.N.J. May 6, 2016); *Oaktree Capital*

*Mgmt., L.P. v. KPMG*, 963 F. Supp. 2d 1064, 1082 n.14, 1092 (D. Nev. 2013).

Additionally, the alleged misstatements in Valeant's quarterly reports described in the *BlueMountain*, *VALIC*, and *Janus* Complaints are immune from Section 18 liability pursuant to the safe harbor exempting "financial information" furnished in Form 10-Qs. *See* 17 C.F.R. § 240.13a-13(d); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 442 (S.D.N.Y. 2014); *In re Stone & Webster, Inc., Sec. Litig.*, 253 F. Supp. 2d 102, 135 (D. Mass. 2003).

### IV. Count IV Should Be Dismissed Because Plaintiffs' Negligent Misrepresentation Claim Is Preempted and Inadequately Pled

The Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1)(A), preempts the claims for negligent misrepresentation in Count IV of the Complaints because these Plaintiffs' actions constitute "covered class actions," 15 U.S.C. § 78bb(f)(5)(B), and "allege a misrepresentation or deceptive device in connection with a securities trade." 15 U.S.C. § 78bb(f)(1)(A). Plaintiffs' negligent misrepresentation claims should be dismissed for the additional reason that New Jersey does not recognize such a cause of action within the context of securities investments like those alleged here. *Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*, Nos. 13–1586 (SRC), 14–4242(SRC), 2015 WL 502039, at *6 (D.N.J. Feb. 5, 2015). Finally, even if not preempted and cognizable under New Jersey law, Plaintiffs have not properly pled their negligent misrepresentation claims because these claims do not adequately plead reliance for the same reasons Plaintiffs fail to plead reliance with respect to the Section 18 claims. *See, e.g.*, *Stichting Pensioenfonds ABP v. Merck & Co.*, No. CIV.A. 05-5060, 2012 WL 3235783, at *17 n.11 (D.N.J. Aug. 1, 2012); Section II, *supra*.

### V. Counts III and IV of the *BlueMountain*, *VALIC*, and *Janus* Complaints Should Be Dismissed as to Schiller to the Extent Those Claims Are Based on Valeant Quarterly Filings Made After Schiller Departed his Position as CFO

Lastly, the *BlueMountain*, *VALIC*, and *Janus* claims for violations of Section 18 or

negligent misrepresentation must be dismissed as to Schiller to the extent they rely on Valeant's quarterly reports on Form 10-Q for the second or third quarters of 2015 or the certifications submitted with those filings. *See Janus* Am. Compl., Dkt. Entry No. 31, ¶¶ 314-20, 342-44, 351-59; *BlueMountain* Compl., Dkt. Entry No. 1, ¶¶ 297-301, 317, 325-27; *VALIC* Compl., Dkt. Entry No. 1, ¶¶ 297-301, 312, 325-27. Plaintiffs do not—and cannot—plead Schiller's liability for those filings because the second and third quarter 2015 10-Qs were filed in July and October 2015, respectively. *See, e.g.*, *Janus* Am. Compl., Dkt. Entry No. 31, ¶¶ 206, 209. As Plaintiffs acknowledge, Schiller stepped down as Valeant's CFO in June 2015 and did not execute, cause to be made, or otherwise exercise authority over those filings. *See id.* ¶ 46 (noting Schiller resigned as CFO on June 30, 2015); *id.* ¶¶ 314-17 (making allegations as to the quarterly reports on Form 10-Q for second and third quarters of 2015, but not alleging Schiller executed or otherwise made, caused to be made, or exercised any authority over those filings or the statements they contained); *see* 15 U.S.C. § 78r(a) (limiting Section 18 liability to persons who "make or cause to be made" actionable statements); *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011) ("maker" of a statement is one "with ultimate authority over the statement, including its content and whether and how to communicate it").

## VI.     Conclusion

For the foregoing reasons, Schiller respectfully requests that the Court dismiss Count I of the *Discovery Global*, *BlueMountain*, *VALIC*, and *Janus* Complaints for alleged violations of Section 10(b)/Rule 10b-5 to the extent those claims concern securities purchases made after October 2015, and dismiss in their entirety Counts III and IV of Plaintiffs' Complaints for alleged violations of Section 18 and negligent misrepresentation.

                        WINSTON & STRAWN LLP
*Counsel for Defendant Howard B. Schiller*

By: s/ Melissa Steedle Bogad_____
    James S. Richter
    jrichter@winston.com
    Melissa Steedle Bogad
    mbogad@winston.com

Dated: June 16, 2017

**OF COUNSEL:**
Robert Y. Sperling
Joseph L. Motto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000